## Clifford v. Ludlam

*Charles T. Goldberg*, for plaintiff; *Edwin Fischer*, for defendant.

DICKINSON, J., January 22, 1933.—Without examining the record we assume that a judgment has been recovered in this cause and execution issued and returned nulla bona. The order for an oral examination of the defendant follows the State practice. We have changed the order in which the grounds for the present motion to vacate are presented, but follow the order as discussed.

The order is in contravention of the defendant's constitutional rights.

The very satisfactory brief submitted by counsel for the defendant informs us that the original Pennsylvania Act of 1879 [June 11, P.L. 129] was held to be unconstitutional, but was followed by the subsequent Act of 1913 [May 9, P.L. 197], the constitutionality of which was upheld. This would seem to dispose of the constitutional question.

The other grounds set forth seem to go to the one proposition, that this court is without authority to make the order because we have no statute or order of court authorizing it. So far as we are advised, the fact statement is correct. The only basis of statutory authority is the conformity statute. The point is made that the conformity statutes refer only to State remedies then existing, and that the present proceeding is under a later State act. The phraseology of the act, however, is that resort may be had to subsequent remedies when "adopted by general rules" of the United States courts. The real point made in consequence is the lack of a formal rule in this court. We are not advised that there is any such formal rule. The practice, however, of issuing orders such as that in question has of late become the established practice of this court, although not introduced as a general practice until some time after the passage of the Pennsylvania statute.

In the case of Peninsular Trading Agency v. National Rubber Company, in an opinion filed February 14, 1924, we held that the practice at that time had not become so far established as to be the equivalent of a general rule, and an order for oral examination was vacated. This ruling, however, seems to have

been overlooked by the bar, and indeed by the court, as of late years such orders have been made as of course. We think the practice which has been thus generally followed of late years is the equivalent of a general rule.

Rule to vacate discharged.